UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
____

TRENT BROWN,

          Plaintiff,

v.

HEIDI E. WASHINGTON et al.,

          Defendants.
_____/

Case No. 2:24-cv-121

Honorable Maarten Vermaat

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States Magistrate Judge. (ECF No. 1, PageID.79.)

This case is presently before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court is required to conduct this initial review prior to the service of the complaint. *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997). Service of the complaint on the named defendants is of particular significance in defining a putative defendant's relationship to the proceedings.

"An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under

longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) ("Pursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal.").

Here, Plaintiff has consented to a United States Magistrate Judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c). Because the named Defendants have not yet been served, the undersigned concludes that they are not presently parties whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way they are not parties who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a

2

consent from the defendants[; h]owever, because they had not been served, they were not parties to this action at the time the magistrate entered judgment.").[1]

Under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Applying these standards, the Court will dismiss Plaintiff's complaint as frivolous.

## Discussion

### I. Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the St. Louis Correctional Facility (SLF) in St. Louis, Gratiot County, Michigan. The events about which he complains, however, occurred at the Baraga Correctional Facility (AMF) in Baraga, Baraga County, Michigan. Plaintiff sues MDOC Director Heidi E. Washington, AMF Resident Unit Manager Thomas Perttu, or successor John Doe or Jane Doe, sued in their official and personal capacities.

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States Magistrate Judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

Plaintiff alleges that on June 23, 2016, he filed a civil rights action in the United States District Court for the Eastern District of Michigan against MDOC staff at the St. Louis Correctional Facility (SLF). *Brown v. Rivard et al.*, Case No. 5:16-cv-12362-JEL-APP (E.D. Mich.). Between March 30, 2018, and May 30, 2018, Plaintiff was transferred from LMF to AMF. (ECF No. 1, PageID.3.) On July 31, 2019, Plaintiff was sent to segregation at AMF and an itemized personal property receipt form was issued to Plaintiff by non-party Corrections Officer Lee, which listed most of Plaintiff's legal and non-legal personal property. (*Id.*, PageID.3-4.) This list included legal papers and a legal footlocker. Plaintiff alleges that one of the two duffel bags issued to Plaintiff in segregation contained most of his excess legal papers. (*Id*, PageID.4.)

On January 2, 2020, Plaintiff submitted a step I grievance against Defendant Perttu's immediate subordinate, Prisoner Counselor Wilson, regarding Plaintiff's need for a LARA hearing to obtain accommodation for excess property. (*Id.*, PageID.4-5.) On January 14, 2020, Defendant Perttu denied Plaintiff's grievance, stating that he had personally observed all of Plaintiff's property fit into one duffel bag and that Plaintiff did not need a hearing. (*Id.*, PageID.5.) The denial was approved by non-party Assistant Deputy Warden Niemi. (*Id.*, PageID.6.) Plaintiff appealed the grievance decision asserting that Defendant Perttu failed to acknowledge that Plaintiff had additional property in AMF's central property room, as well as in the "cell furnished stationary floor locker." (*Id.*) Plaintiff's grievance appeals were denied by non-parties Warden Schroeder and MDOC Manager Richard Russell. (*Id.*, PageID.7.)

On February 6, 2020, Plaintiff noticed that some legal documents that were crucial as exhibits intended for his pending state motion for relief from judgment had been "decimated by rodents and moisture." (*Id.*, PageID.8.) On March 8, 2021, Plaintiff gave Defendant Perttu a "request for retraction," asserting that Defendant Perttu had falsely responded to Plaintiff's

4

grievance on January 14, 2020. (*Id.*, PageID.7-8.) On March 9, 2021, Plaintiff filed a grievance on Defendant Perttu asserting that Defendant Perttu's refusal to acknowledge Plaintiff's excess property through referral for a LARA hearing had resulted in significant legal documents being water damaged and eaten by rodents. (*Id.*, PageID.9.) Plaintiff again sought a LARA hearing. (*Id.*, PageID.10.)

On March 26, 2021, non-party Resident Unit Manager Miller responded to Plaintiff's step I grievance on Defendant Perttu by stating that Defendant Perttu's prior grievance investigation report was credible. (*Id.*) However, Resident Unit Manager Miller also found that Plaintiff owned one personal footlocker for the storage of some of his preexisting excess legal property, but that Defendant Washington was not allowing hearings due to the Covid 19 pandemic. (*Id.*) Resident Unit Manager did not dispute Plaintiff's assertion that substantial legal documents had been destroyed. (*Id.*)

On April 6, 2021, Plaintiff filed a step II grievance appeal asserting that Defendant Perttu had actually observed Plaintiff's excess legal property but had refused to acknowledge it. (*Id.*, PageID.11.) Plaintiff's step II appeal was denied by non-party AMF Warden Taskila. (*Id.*) On April 23, 2021, Plaintiff submitted a step III grievance appeal to Defendant Washington asserting that he needed "another LARA hearing for a second personal legal footlocker to store additional excess legal property." (*Id.*, PageID.12.) Plaintiff's step III grievance appeal was denied on July 20, 2021. (*Id.*)

Plaintiff asserts that on December 13, 2021, Plaintiff filed a complaint in the Court of Claims for the State of Michigan, asserting claims against Defendant Perttu.[2] (*Id.*, PageID.14.) On

---

[2] The Register of Actions for Plaintiff's case indicates that he named four defendants: the State of Michigan, the MDOC, Heidi Washington, and Thomas Perttu. *Brown v. Michigan*, No. 21-000235-MP (Mich. Ct. of Claims),   https://webinquiry.courts.michigan.gov/?Name=COC (select Case

5

April 18, 2022, Plaintiff's state court action against Defendant Perttu was dismissed on the basis of immunity. (*Id.*, PageID.16.) Plaintiff's remaining claims were found to be frivolous. (*Id.*) Plaintiff then filed a motion for reconsideration, which was denied on May 9, 2022. (*Id.*, PageID.17.)

Plaintiff appealed the dismissal to the Michigan Court of Appeals on May 25, 2022. Case Information, *Trent v. Michigan*, No. 361565 (Mich. Ct. App.), https://www.courts.michigan.gov/case-search/ (search "361565," select "Trent Brown v. State of Michigan") (last visited Dec. 4, 2024). By opinion issued June 22, 2023, the Michigan Court of Appeals dismissed the appeal for failure to comply with certain procedural requirements; but it also considered the merits, concluding that it would affirm the trial court. *Trent v. Dep't of Corr.*, No. 361565, 2023 WL 4140848 (Mich. Ct. App. June 22, 2023). The court of appeals rejected the court of claims' dismissal of Perttu on grounds of immunity, concluding, instead, that claims against Perttu were also properly dismissed as frivolous. *Id.*, at *5–7. The court of appeals specifically concluded that each of Plaintiff's claims was devoid of legal merit. Plaintiff's motion for reconsideration to the Michigan Court of Appeals was denied on August 28, 2023. (*Id.*, PageID.40.) Plaintiff's appeal to the Michigan Supreme Court was denied on January 30, 2024. (*Id.*, PageID.50, 78.)

Plaintiff claims that his constitutional rights were violated by MDOC policy which was arbitrarily promulgated by Defendant Washington. Plaintiff states that he has a due process right to a LARA hearing, and that allowing him such a hearing would have rectified the fact that Defendant Perttu had refused to acknowledge Plaintiff's excess legal property. (*Id.*, PageID.75-76.) Plaintiff claims that he was also denied grievances based on the assertion that he had had a

---

Search, enter Year "2021," enter Number "235," select Type "MP," select Search, select Case ID "21-000235-MP) (last visited Dec. 4, 2024).

LARA hearing, even though there was no documentation of the supposed LARA Hearing Officer's findings on the record. (*Id.*, PageID.77.)

In addition to his complaint, Plaintiff has filed a brief in support, which asserts that he previously litigated the issues presented in this case in the Michigan courts. Plaintiff states that this Court should review the state courts' decisions for an abuse of discretion. (ECF No. 2, PageID.90-91.) Plaintiff states that Defendant Perttu's conduct in failing to acknowledge Plaintiff's large stack of legal materials kept separately on the bare floor outside of his state duffel bag, as well as Defendant Perttu's failure to acknowledge Plaintiff's MDOC issued prisoner personal property receipts, "effectively inhibited his ability to petition the courts for redress." (*Id.*, PageID.94-95.) Plaintiff contends that this led to the Michigan Court of Appeals dismissal of his defamation claim. Plaintiff baldly asserts that he did not have a fair opportunity to litigate this claim in the state courts, so he is entitled to a merits review of the claim in this Court. (*Id.*)

Plaintiff has also filed a motion for summary judgment in which he reasserts his claim that Defendant Perttu's conduct resulted in the destruction of some of the items "readied for then pending state motion for relief from judgment," which violated his right to petition the courts, as well as to due process. (ECF No. 9, PageID.285.) Plaintiff also reasserts his claim that MDOC Policy Directive 04.07.112, which was promulgated by Defendant Washington, was unconstitutional. (*Id.*, PageID.289.) Plaintiff contends that these claims are not barred by the doctrine of res judicata. (*Id.*, PageID.286-88, 290.)

Plaintiff asserts violations of his Federal and State constitutional rights to petition the courts and to due process. Plaintiff seeks compensatory and punitive damages, as well as declaratory and injunctive relief. (*Id.*, PageID.79.)

7

## II.     Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to

8

identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. Successor John Doe or Jane Doe as Defendant

As noted above, in the case caption, Plaintiff lists Defendants Washington and Perttu and then states: "or successor John Doe or Jane Doe" in his caption of his complaint. (ECF No. 1, PageID.1.) However, section II of the form complaint, where Plaintiff lists the parties, he only lists Defendants Washington and Perttu. (*Id.*, PageID.2.) Nor does Plaintiff make mention of any defendants in his complaint other than Defendants Washington and Perttu. Therefore, the Court concludes that Plaintiff does not intend to assert claims against any parties other than Defendants Washington and Perttu. Moreover, even if Plaintiff did intend to name "successor John Doe or Jane Doe" as a party to this action, Plaintiff fails to allege any facts regarding such an individual. Conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983. *See Iqbal*, 556 U.S. at 678–79; *Twombly*, 550 U.S. at 555.

### B. Defendants Washington and Perttu

Plaintiff claims that Defendant Washington violated his rights by promulgating Policy Directive 04.07.112 which lacked adequate safeguards to prevent or minimize foreseeable abuse. Plaintiff claims that Defendant Perttu violated Plaintiff's rights by his conduct during the review of Plaintiff's grievance regarding excess legal property. As set forth above, these are the same claims that Plaintiff raised in the state courts, and the Michigan Court of Appeals concluded that they were frivolous because they were devoid of legal merit.

The doctrine of claim preclusion, sometimes referred to as res judicata, provides that if an action results in a judgment on the merits, that judgment operates as an absolute bar to any subsequent action on the same cause between the same parties or their privies, with respect to every matter that was actually litigated in the first case, as well as every ground of recovery that

might have been presented. *Black v. Ryder/P.I.E. Nationwide, Inc.*, 15 F.3d 573, 582 (6th Cir. 1994); *see Kremer v. Chemical Const. Corp.*, 456 U.S. 461, 467 n.6 (1982); *see also Bowen v. Gundy*, No. 96-2327, 1997 WL 778505, at * 1 (6th Cir. Dec. 8, 1997). Claim preclusion operates to relieve parties of the cost and vexation of multiple lawsuits, conserves judicial resources, and by preventing inconsistent decisions, encourages reliance on adjudication. *Allen v. McCurry*, 449 U.S. 90, 94 (1980).

The Court must determine whether Michigan law precludes Plaintiff's claims against Defendant Washington because "federal courts are required to give the judgments of state courts the same preclusive effect as they are entitled to under the laws of the state rendering the decision." *AuSable River Trading Post, LLC v. Dovetail Sols., Inc.*, 874 F.3d 271, 274 (6th Cir. 2017) (*citing Exec. Arts Studio v. City of Grand Rapids*, 391 F.3d 783, 795 (6th Cir. 2004)). In *AuSable River Trading Post,* the Court stated:

> Under Michigan law, a "second, subsequent action" is barred by res judicata when "(1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first." *Adair v. State*, 470 Mich. 105, 680 N.W.2d 386, 396 (2004) (citing *Sewell v. Clean Cut Mgmt., Inc.*, 463 Mich. 569, 621 N.W.2d 222, 225 (2001)). Res judicata is applied broadly by Michigan courts, barring "not only claims already litigated, but also every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not." *Id.* (citing *Dart v. Dart*, 460 Mich. 573, 597 N.W.2d 82 (1999)).

*Id.*

Plaintiff's claims against Defendants meet each of the elements required for the res judicata bar. The Michigan Court of Appeals determined that Plaintiff's claims were frivolous under Mich. Comp. Laws § 600.5509, a section of Michigan's Prison Litigation Reform Act (MPLRA), Mich. Comp. Laws §§ 600.5501–600.5531. That certainly appears to be a determination on the merits of Plaintiff's claim.

Under the MPLRA:

> "Frivolous" means that at least 1 of the following conditions is met:
>
> > (i) The party's primary purpose in initiating the action or asserting the defense was to harass, embarrass, or injure the prevailing party.
> >
> > (ii) The party had no reasonable basis to believe that the facts underlying that party's legal position were in fact true.
> >
> > (iii) The party's legal position was devoid of arguable legal merit.

Mich. Comp. Laws § 600.2591 (3)(a) (made applicable by Mich. Comp. Laws § 600.5531). The Michigan Court of Appeals concluded that Plaintiff's claims were properly dismissed as frivolous because they were "devoid of arguable legal merit." *Brown*, 2023 WL 4140848, at *7, *9. That is certainly consideration of the merits. *See, e.g., Lewis v. Atty. Gen.*, No. 299743, 2011 WL 5009433, at *3 n.1 (Mich. Ct. App. Oct. 20, 2011 ) (concluding that "[t]he trial court clearly considered the merits of plaintiff's claim when it concluded that his complaint was frivolous" because it was devoid of legal merit under the MPLRA); *Hogan v. Wayne Cnty.*, No. 362259, 2024 WL 2790297, at *9–11 (Mich. Ct. App. May 30, 2024) (determining that a mandatory dismissal under the MPLRA is a dismissal with prejudice); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (dismissal under 28 U.S.C. § 1915A[3] is a final judgment on the merits for purposes of res

---

[3] Section 1915A, of Title 28 United States Code—part of the federal Prison Litigation Reform Act—provides:

> The Court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. . . . On review, the court shall . . . dismiss the complaint . . . if the complaint—
>
> (1) Is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2) Seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. With regard to dismissals as frivolous, the provision is functionally identical to the MPLRA section that warranted dismissal of Plaintiff's complaint in the state courts, Mich. Comp. Laws § 600.5509, which states:

judicata doctrine); *Thornton v. Merchant*, 526 F. App'x 385, 387 (5th Cir. 2013) (dismissal as frivolous under 28 U.S.C. § 1915A is a determination on the merits that foreclosed subsequent duplicative suit); *Annabel v. Mich. Dep't of Corr.*, No. 16-2532, 2017 WL 11639427, at *2–3 (6th Cir. Oct. 2, 2017) (dismissal under 28 U.S.C. 1915A is appropriate basis for application of res judicata doctrine in subsequent suit); *Habtemariam v. Adrian*, No. 98-3112, 1999 WL 455326, at *2 (6th Cir. June 23, 1999) (concluding that dismissal of an action as frivolous following an examination of the merits satisfies the first res judicata requirement); *West v. Litscher*, 209 F. App'x 557, 559–60 (7th Cir. 2006) (dismissal under 28 U.S.C. § 1915A on the grounds of frivolity, failure to state a claim, or immunity is a determination on the merits for purposes of res judicata); *White v. Lemma*, 947 F.3d 1373, 1376–77 (11th Cir. 2020) (dismissal under 28 U.S.C. 1915A "is on the merits and with prejudice").[4]

---

> The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. . . . On review, the court shall dismiss the complaint or a portion of the complaint if the court finds either of the following:
>
>   (a) The complaint or a portion of the complaint is frivolous.
>
>   (b) The complaint seeks monetary relief from a defendant who is immune from the requested relief.

Mich. Comp. Laws § 600.5509.

[4] In *Denton v. Hernandez*, 504 U.S. 25 (1992), the Supreme Court concluded that a dismissal under then 28 U.S.C. 1915(d), which permitted the district court in its discretion to dismiss frivolous complaints filed by litigants proceeding *in forma pauperis*, would not be on the merits; rather, it was simply an exercise of the court's discretion. *Id*. at 34. The concluded the dismissal would be without prejudice to the litigant simply filing the same complaint and paying the fee. *Id*. The frivolity determination would have res judicata effect with regard to future in forma pauperis complaints. *Id*.

The PLRA moved the "review" provision of § 1915 to subsection (e), and it made the review mandatory and dismissal mandatory if the court found the complaint frivolous, that it failed to state a claim, or that it sought monetary relief from a defendant who was immune. 28 U.S.C. § 1915(e). The PLRA also introduced parallel provisions in 28 U.S.C. § 1915A and 42 U.S.C. 1997e that mandated review and dismissal without regard to the litigants *in forma pauperis* status. These

Moreover, both actions plainly involve the same parties.

And, finally, Plaintiff raised the same claims in his state court action that he raises here. In his court of claims complaint, Plaintiff raised claims under state statutes, the state constitution, and the state court rules. (Mich. Ct. of Claims Compl., ECF No. 2-1, PageID.109. Additionally, Plaintiff raised claims for violations of 42 U.S.C. § 1983 and the federal constitution. (*Id.*) Comparing Plaintiff's state court complaint to his federal complaint, it is clear that the factual foundation for both complaints is the same.

Because the requirements are met here, the Court concludes that Plaintiff's action is barred by the doctrine of res judicata. An action that is barred by res judicata is legally frivolous. *See, e.g., Taylor v. Reynolds*, 22 F. App'x 537, 538 (6th Cir. 2001); *Hill v. Elting*, 9 F. App'x 321 (6th Cir. 2001). Therefore, the Court will dismiss Plaintiff's claims as frivolous.[5]

---

differences call into question, the reasoning of the Denton Court with regard to dismissals under § 1915(e). *But see Davis v. Butler Cnty., Ohio*, 658 F. App'x 208, 212–13 (6th Cir. 2016) (concluding that *Denton* holding applies to the post-PLRA version of § 1915(e)). More importantly here, however, because the *Denton* Court's holding is limited to dismissals under § 1915(e), the *Denton* Court's reasoning would not be logically applicable to dismissals under § 1915A or § 1997e; and, also, Mich. Comp. Laws § 600.5509.

[5] In his brief in support of the complaint, Plaintiff asserts that he is seeking review of the state courts' denial of relief for an abuse of discretion. (ECF No. 2, PageID.90-91.) To the extent Plaintiff asks this Court to review the decisions of the Michigan state courts, the Court lacks subject matter jurisdiction. The United States Supreme Court is vested with exclusive jurisdiction over appeals from final state-court judgments. *Lance v. Dennis*, 546 U.S. 459 (2006). The *Rooker-Feldman* doctrine is based on 28 U.S.C. § 1257, which grants the Supreme Court jurisdiction to review the decisions of the highest state courts for compliance with the Constitution. *See* 28 U.S.C. § 1257; *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 467 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923). Under the doctrine, "lower federal courts do not have jurisdiction to review a case litigated and decided in state court; only the United States Supreme Court has jurisdiction to correct state court judgments." *Gottfried v. Medical Planning Servs.*, 142 F.3d 326, 330 (6th Cir. 1998). Thus, "[t]he *Rooker-Feldman* doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'" *Lance*, 546 U.S. at 460 (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). Accordingly, this Court may not "reverse" the decisions of the state courts.

### III.    Pending Motions

Plaintiff filed a motion for an extension of time to submit pleadings on July 24, 2024, in which he seeks an additional 60 days to file pleadings with the Court. (ECF No. 4.) Because more than 60 days have elapsed since that date, this motion is properly denied as moot.

Plaintiff has also filed a motion for summary judgment (ECF No. 9), the facts of which are summarized above. However, as noted above, Plaintiff's complaint is subject to dismissal because it is barred by res judicata and because it has already been determined to be entirely lacking in merit. Therefore, the Court will deny Plaintiff's motion for summary judgment.

With regard to Plaintiff's motion for the appointment of counsel (ECF No. 11), the Court notes that indigent parties in civil cases have no constitutional right to a court-appointed attorney. *Abdur-Rahman v. Mich. Dep't of Corr.*, 65 F.3d 489, 492 (6th Cir. 1995); *Lavado v. Keohane*, 992 F.2d 601, 604–05 (6th Cir. 1993). The Court may, however, request an attorney to serve as counsel, in the Court's discretion. *Abdur-Rahman*, 65 F.3d at 492; *Lavado*, 992 F.2d at 604–05; *see Mallard v. U.S. Dist. Ct.*, 490 U.S. 296 (1989).

Appointment of counsel is a privilege that is justified only in exceptional circumstances. In determining whether to exercise its discretion, the Court should consider the complexity of the issues, the procedural posture of the case, and Plaintiff's apparent ability to prosecute the action without the help of counsel. *See Lavado*, 992 F.2d at 606. The Court has carefully considered these factors and determines that Plaintiff's request for appointment of counsel (ECF No. 11) is properly denied.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed as frivolous, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this

action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore*, 114 F.3d at 611. For the same reasons the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court certifies that an appeal would not be taken in good faith.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.


Dated:   December 12, 2024                    /s/ *Maarten Vermaat*
                                              Maarten Vermaat
                                              United States Magistrate Judge